UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BROWARD DIVISION

ELVIS MACEDA and all others
similarly-situated under 29
U.S.C. 216 (B),

    Plaintiffs,

Vs.

HAMMAD ENTERPRISES, INC.;
and AMJAD HAMMAD.

    Defendants.

_____/

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME

Plaintiff, ELVIS MACEDA, on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendants, HAMMAD ENTERPRISES, INC. and AMJAD HAMMAD, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Broward County, Florida at the time that this dispute arose.

3. The Defendant HAMMAD ENTERPRISES, INC., is a corporation that regularly transacts business within Broward County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's period of employment ("the relevant time period").

4. The individual Defendant AMJAD HAMMAD is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Broward County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff ELVIS MACEDA was employed by Defendants as a warehouse clerk, receiving shipments, organizing the warehouse and shipping orders, engaged in the interstate commerce performing non-exempt work, within the personal jurisdiction and venue of this Court.

10. Plaintiff worked for Defendants from approximately April 2011 to April 2013 or 36 months.
11. In the course of employment with Defendants, Plaintiff regularly worked overtime hours (hours worked in excess of 40 per workweek, referred to herein as "overtime hours") and were not paid overtime compensation at an overtime rate of time and one-half of the regular rate of pay (the "overtime rate") for all of the overtime hours worked, among other violations of the FLSA.
9. This cause of action is brought by Plaintiff to recover from Defendants unpaid wages, overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Title 29 U.S.C.§ 216 (b) on behalf of Plaintiff.
10. During the First Nine Months of Employment, Plaintiff worked an average of 96 hours but was only paid for 60 hours, resulting in 36 hours of unpaid overtime per week.
11.   During the Last Twenty Seven Months of Employment,   Plaintiff worked an average of 86 hours but was only paid for 36 hours, resulting in 30 hours of unpaid overtime per week.
12. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff work for the Defendants was actually in and/or so closely related to the movement of commerce while he

worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2011, 2012 and 2013.

15. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2014.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

*The Plaintiffs request a trial by jury.*

Respectfully submitted,

/s/ Claudio R. Cedrez Pellegrino

_____
Claudio R. Cedrez Pellegrino, Esq.
Bar No. 43521
Attorney for Plaintiff
1090 Kane Concourse, Suite 206
Bay Harbor Islands, Florida 33154
Telephone 305/763-8678
Facsimile: 786 664-6596
eservice@cedrezlaw.com